UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. __8:21-cv-01837_____

JACOB R. NIEVES, individually, and on
behalf of all others similarly situated,
    Plaintiff,

v.

PREFERRED COLLECTION &
MANAGEMENT SERVICES, INC.,
    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES**, JACOB R. NIEVES ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of PREFERRED COLLECTION & MANAGEMENT SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JACOB R. NIEVES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lakeland, Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC. ("Defendant") is a corporation that maintains its principal place of business at 1000 North Ashley Drive, Suite 600, Tampa, Florida 33602.

10. Defendant is a nationally recognized debt collection agency that collects medical debts owed to third parties.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

13. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## **FACTUAL ALLEGATIONS**

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2987.

15. At all times relevant, Plaintiff's number ending in 2987 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. At some point, Plaintiff received medical services at a hospital emergency room.

18. On July 29, 2020, Plaintiff started receiving collection calls from Defendant in an attempt to collect on an alleged debt from the hospital emergency room visit in the approximate amount of $1,200.00 (alleged "subject debt").

19. On multiple occasions, Plaintiff answered Defendant's collection calls.

20. During a phone call on or around November 6, 2020, Plaintiff advised Defendant that he had no money to pay the alleged subject debt.

21. Additionally, Plaintiff requested that Defendant cease its collections calls to him.

22. Unsympathetic to Plaintiff's circumstances, Defendant stated that the debt wouldn't just disappear.

23. Contrary to Plaintiff's request, Defendant continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

24. Defendant's collection calls were placed from the phone number (800) 741-0802.

25. Upon information and belief, Defendant has used numerous additional numbers to contact Plaintiff.

26. In the calls that Plaintiff did not answer, Defendant would leave pre-recorded voicemails on Plaintiff's cellular telephone.

27. Since Plaintiff requested that the calls cease, Defendant has placed numerous unwanted and unconsented to collection calls to and left many pre-recorded voice mails on Plaintiff's cellular phone.

28. Defendant's incessant collection calls and pre-recorded voicemails have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30. Due to Defendant's refusal to honor Plaintiff's requests that the calls and pre-recorded voicemails cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

31. Paragraphs 15 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any

entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

34.  Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35.  The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

36.  The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37.  The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

38.  There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.   Typicality**

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.   Superiority and Manageability**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation**

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

48. Paragraphs 15 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp*., 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

50. Defendant placed or caused to be placed numerous pre-recorded voicemails on Plaintiff's cellular telephone without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

51. Defendant did not have consent to place calls to or and leave pre-recorded voicemails on Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

52. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

53. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

54. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, JACOB R. NIEVES, on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

<br>

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
## (Plaintiff individually)

55. Paragraphs 15 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

56. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

57. As set forth above, Plaintiff requested that Defendant cease its collection calls and pre-recorded voicemail messages to his cellular phone.

58. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls and pre-recorded voicemail messages, which were clearly inconvenient to Plaintiff.

59. Defendant violated § 1692c(a)(1) by placing numerous unwanted and unconsented to collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

60. In other words, since Plaintiff did not want *any* calls or pre-recorded voicemails from Defendant, any call placed or pre-recorded voicemail left after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

b. **Violations of FDCPA § 1692d**

61. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

62. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

63. Defendant violated §§ 1692d and d(5) by numerous unwanted and unconsented to collection calls Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls and pre-recorded voicemails.

64. Defendant's conduct in systematically placing unwanted calls to and leaving pre-recorded voicemails on Plaintiff's cellular phone is inherently harassing and abusive.

65. Defendant's collection calls and pre-recorded voicemails to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

66. The fact that Defendant knowingly placed calls to and left pre-recorded voicemails for Plaintiff after Plaintiff made requests that the calls and pre-recorded voicemails cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, JACOB R. NIEVES, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
### Violations of the Florida Consumer Collection Practices Act
### (Fla. Stat. § 559.55 *et seq.*)
### (Plaintiff individually)

67. Paragraphs 15 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

69. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff and leaving pre-recorded voicemails for Plaintiff after Plaintiff requested that the calls and pre-recorded voicemails cease.

70. Defendant's incessant collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

71. Plaintiff was harassed and abused by Defendant's incessant collection calls.

**WHEREFORE**, Plaintiff, JACOB R. NIEVES, requests that this Honorable Court enter judgment in his favor as follows:

a. a finding that Defendant violated Fla. Stat. § 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

    d.    an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

    e.    an award of such other relief as this Court deems just and proper,

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 30, 2021                        Respectfully submitted,

                                              **JACOB R. NIEVES**

                                              By: /s/ *Alexander J. Taylor*

                                              Alexander J. Taylor, Esq.
                                              Florida Bar No. 1013947
                                              SULAIMAN LAW GROUP, LTD.
                                              *Of Counsel*
                                              2500 South Highland Avenue
                                              Suite 200
                                              Lombard, Illinois 60148
                                              +1 630-575-8181
                                              ataylor@sulaimanlaw.com