UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB R. NIEVES,
individually, and on behalf of
all others similarly situated,

    Plaintiff,

v.                                Case No. 8:21-cv-1837-VMC-JSS

PREFERRED COLLECTION & MANAGEMENT
SERVICES, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Preferred Collection & Management Services, Inc.'s Motion to Dismiss Class Action Complaint (Doc. # 6), filed on October 5, 2021. Plaintiff Jacob R. Nieves responded on November 23, 2021. (Doc. # 19). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Nieves initiated this Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), and Florida Consumer Collection Practices Act ("FCCPA") case against Preferred Collection on July 30, 2021. (Doc. # 1). He alleges that, after receiving emergency medical treatment, he began receiving collection calls from Preferred Collection on

1

July 29, 2020, seeking to collect an alleged $1,200 medical debt. (Id. at 3). "During a phone call on or around November 6, 2020, [Nieves] advised [Preferred Collection] that he had no money to pay the alleged subject debt" and "requested that [Preferred Collection] cease its collections calls to him." (Id.).

In response, the representative for Preferred Collection stated "that the debt wouldn't just disappear." (Id.). And, "[c]ontrary to [Nieves's] request, [Preferred Collection] continued its efforts to collect the subject debt through collection calls to [his] cellular phone." (Id. at 4). "In the calls that [Nieves] did not answer, [Preferred Collection] would leave prerecorded voicemails on [Nieves's] cellular telephone." (Id.). "Since [Nieves] requested that the calls cease, [Preferred Collection] has placed numerous unwanted and unconsented to collection calls to and left many prerecorded voicemails on [Nieves's] cellular phone." (Id.). Nieves alleges that he has been harmed in various ways by these calls. (Id. at 4-5).

> Nieves seeks to represent a class as defined below:
>
> All persons throughout the United States (1) to whom [Preferred Collection] placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without

> his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

(Id. at 5).

Now, Preferred Collection seeks to dismiss the complaint. (Doc. # 6). Nieves has responded (Doc. # 19), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan

v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Preferred Collection argues for the dismissal of all of Nieves's claims. The Court will address them in turn.

#### A. Standing

As a preliminary matter, the Court notes that the Motion contains a section addressing standing. (Doc. # 6 at 2-3). Notably, however, Preferred Collection does not argue that Nieves lacks standing to assert his claims. (Id. at 3). Rather, Preferred Collection states: "While [Nieves] may have alleged sufficient injury to meet Article III['s] 'concrete injury' requirement, putative class members' standing is not resolved by the allegations related to [Nieves's] individual claim." (Id.); see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208 (2021) ("Every class member must have Article III standing in order to recover individual damages."). Yet, Preferred Collection does not argue that the putative class members lack standing.

Thus, it appears to the Court that Preferred Collection is not actually challenging the existence of standing at this time. To the extent Preferred Collection can be liberally construed as arguing that putative class members lack standing, that argument is better raised at the class certification stage. See Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1276–77 (11th Cir. 2019) ("We do not hold today that a court is required to ensure that the class definition does not include any individuals who do not have standing before certifying a class. Such a rule would run the risk of promoting so-called 'fail-safe' classes, whose membership can only be determined after the entire case has been litigated and the court can determine who actually suffered an injury. Rather, we only hold that in this case the district court must consider under Rule 23(b)(3) before certification whether the individualized issue of standing will predominate over the common issues in the case, when it appears that a large portion of the class does not have standing, as it seems at first blush here, and making that determination for these members of the class will require individualized inquiries." (citations omitted)). The Motion is denied as to standing.

    **B.**    <u>**TCPA Claim**</u>

Regarding the TCPA claim, Preferred Collection argues: "[Nieves'] complaint is vague and does not specifically allege that [Preferred Collection] used an [automatic telephone dialing system ("ATDS")] to place the calls or that the recordings were not done without human intervention." (Doc. # 6 at 4). "The complaint is completely devoid of allegations which establish that an ATDS was used." (<u>Id.</u> at 5).

Preferred Collection misreads the complaint. There are no allegations in the complaint concerning the use of an ATDS because Nieves is not basing his TCPA claim upon the use of an ATDS. As various allegations in the complaint make clear, Nieves is basing his TCPA claim upon Preferred Collection's use of pre-recorded voices. <u>See</u> (Doc. # 1 at 8) ("[Preferred Collection] placed or caused to be placed numerous pre-recorded voicemails on [Nieves's] cellular telephone without [Nieves's] consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii)."). And, indeed, the TCPA makes it unlawful for debt collectors to use *either* "any automatic telephone dialing system or an artificial or prerecorded voice" to make collection calls without consent. 47 U.S.C. § 227(b)(1)(A); <u>see also</u> (Doc. # 19 at 2) ("Since [Nieves] is basing his TCPA

claim on the use of prerecorded messages, he need not allege that [Preferred Collection] used an ATDS to make the calls at issue."). Thus, the Motion is denied as to the ATDS argument.

Preferred Collection next argues the TCPA claim should be dismissed because Nieves's "conclusion that he did not consent to be called on his cellular telephone is not sufficient." (Doc. # 6 at 6). It argues that, because the complaint does not allege how Preferred Collection obtained Nieves's phone number, the Court should assume that Nieves "provided the cellular phone number and he forgot he gave his consent." (Id. at 6-7).

The Court disagrees with Preferred Collection. The Court need not — and should not — make inferences from the complaint's allegations in Preferred Collection's favor when a reasonable inference can be made in Nieves's favor. See Stephens, 901 F.2d at 1573 ("On a motion to dismiss, the facts stated in [plaintiff's] complaint and all reasonable inferences therefrom are taken as true."). Here, the Court will not infer, without any allegation to that effect in the complaint, that Nieves consented to Preferred Collection's calls. Regardless, even if Nieves did originally consent, the complaint alleges that Nieves revoked his consent and

7

Preferred Collection continued calling him after the revocation. (Doc. # 1 at 3-4).

Thus, Nieves has sufficiently stated a claim under the TCPA and the Motion is denied as to this claim.

### C.  FDCPA and FCCPA Claims

Next, Preferred Collection argues the FDCPA claim should be dismissed because the complaint's allegations "are merely conclusory and simply quote the language of the statute." (Doc. # 6 at 8). Additionally, it contends that Nieves never revoked consent sufficiently because his consent was made verbally during a phone call rather than in writing as required by the FDCPA to cease all communications. (Id. at 9); see 15 U.S.C. § 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . ."). Because Nieves supposedly never sufficiently revoked his consent, Preferred Collection maintains that any collection calls could not be deemed inconvenient or harassing on that basis.

The Court rejects this argument. As other courts have held, this "argument, that [Nieves] did not make [his] request

8

in writing, is not a reason to dismiss this claim. Section 1692c(a) does not impose any writing requirement on the consumer. However, a request to cease all communication, not just phone calls, must be made by a writing [under] 15 U.S.C. § 1692c(c)." McClintock v. Credit Servs., Inc., No. 1:16-CV-1395, 2018 WL 2197745, at *2 (W.D. Mich. Mar. 28, 2018) (citations omitted). Thus, Nieves has sufficiently alleged that Preferred Collection knew that any calls to Nieves were inconvenient because Nieves had asked that the calls stop. See Shand-Pistilli v. Pro. Acct. Servs., Inc., No. 10-CV-1808, 2010 WL 2978029, at *3 (E.D. Pa. July 26, 2010) ("Under section 1692c(a)(1) a consumer may request that debt collectors cease calling at any time or place known to be inconvenient including the consumer's home. Accordingly, section 1692c(a)(1) places the burden upon a debt collector to cease communicating with consumers at times and places known to be inconvenient. Furthermore, the willful and repeated disregard of a consumer's requests to cease calling at an inconvenient time or location constitutes a violation of section 1692c(a)(1)." (citations omitted)).

Furthermore, as Nieves had requested that all calls stop, the complaint plausibly alleges that all calls made after that revocation were made with the intent to annoy and

9

harass Nieves in violation of both the FDCPA and the FCCPA. See Waite v. Fin. Recovery Servs., Inc., No. 8:09-cv-2336-VMC-AEP, 2010 WL 5209350, at *4 n.8 (M.D. Fla. Dec. 16, 2010) ("A high volume of unanswered calls without any prior records of substantive conversations between Plaintiff and Defendant tends to suggest a difficulty in reaching Plaintiff rather than an intent to harass. In contrast, calling after being asked to stop is far more indicative of an intent to abuse."). Nieves was not required to allege the exact number and frequency of calls received — his allegation that Preferred Collection made numerous calls to him after his request that all calls cease is sufficient. In short, Nieves has plausibly pled FDCPA and FCCPA claims that survive the motion to dismiss stage.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Preferred Collection & Management Services, Inc.'s Motion to Dismiss Class Action Complaint (Doc. # 6) is **DENIED**. Defendant's answer to the complaint is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of December, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE